

Copy hand-delivered to chambers

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUWAN MATTHEWS,

    Defendant.

Case No. 11-CR-11

---

## PLEA AGREEMENT

1. The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Michelle L. Jacobs, Assistant United States Attorney, and the defendant, Juwan Matthews, individually and by attorney Joshua Uller, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in a five-count indictment which alleges violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C).

3. The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and the charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.      The defendant voluntarily agrees to plead guilty to the following counts set forth in full as follows:

### COUNT TWO

**THE GRAND JURY FURTHER CHARGES:**

*On or about March 29, 2010, in the State and Eastern District of Wisconsin,*

### JUWAN T. MATTHEWS

*knowingly and intentionally distributed 5 grams or more of a mixture and substance containing cocaine base, in the form of crack cocaine, a Schedule II controlled substance.*

*All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).*

### COUNT FIVE

**THE GRAND JURY FURTHER CHARGES:**

*On or about September 17, 2010 in the State and Eastern District of Wisconsin,*

### JUWAN T. MATTHEWS

*knowingly and intentionally distributed approximately 26 grams of a mixture and substance containing cocaine base, in the form of crack cocaine, a Schedule II controlled substance.*

*All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).*

5.      The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

2

Count Two: On March 29, 2010, the CI made a recorded call to Matthews, but Matthews did not answer. Matthews called back and the CI ordered three "baskets" (three "eight-balls" (1/8 ounce, or 3.5 gram quantities) of crack). Matthews agreed to the sale, and told the CI to meet him at the video store on Lathrop Avenue in Racine. Agents searched the CI and his car, and wired it for audio and video. Agents maintained surveillance as the CI drove to the deal. Agents observed a small red car park next to the CI. Matthews got out of the red car and jumped into the passenger side of the CI's car. Matthews delivered the three eight-balls of crack cocaine, and the CI paid Matthews $460. The drugs tested positive for cocaine base in the form of crack, and weighed 10.2 grams. The video of the deal confirm the surveillance and CI identifications of Matthews as the person who distributed the crack to the CI.

Count Five: On September 17, 2010, the CI reported to law enforcement that he had previously spoken with Juwan Matthews, and Matthews agreed to sell him an ounce of crack. Matthews wanted $1,200, and the transaction was to take place at Westown Foods, 3322 16th Street, Racine. Agents searched the CI and his vehicle, and wired him for audio and video. They gave him $2,000 for the purchase, which included an extra $800 if Matthews had any extra crack for sale. The CI drove to the deal. Matthews arrived in a full-size green cargo van. Matthews got out of the van and entered the CI's car. Matthews asked for $1,200, but the CI intentionally short changed him, giving him just $1,160. Matthews then gave the CI the ounce. The audio and video recordings of the transaction confirm that Matthews sold the crack cocaine to the CI. The drugs tested positive for cocaine base in the form of crack and weighed just over 26 grams.

3

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, these offenses.

## PENALTIES

6. The parties understand and agree that the defendant has filed a motion for application of the Fair Sentencing Act to all of the offenses charged. As such, the parties disagree as to the penalties applicable to Count Two. The defendant understands that the government will recommend that the offense charged in Count Two will carry the following penalties: a mandatory minimum of five years' imprisonment, a maximum of 40 years' imprisonment, $2 million in fines, at least four years and up to life on supervised release, and a $100 special assessment. The parties agree that the offense charged in Count Five carries a maximum of 20 years' imprisonment, $1 million in fines, at least three years and up to life on supervised release, and a $100 special assessment. The defendant understands and agrees that he will not move to withdraw his plea as a result of the court's ruling(s) on the application of the Fair Sentencing Act .

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney, including any possibility that the defendant may qualify as a career offender under the sentencing guidelines.

## DISMISSAL OF REMAINING COUNTS OF INDICTMENT

8. The government agrees to move to dismiss the remaining counts of the indictment at the time of sentencing.

4

## PROOF OF DRUG WEIGHT FOR STATUTORY MAXIMUM PENALTY

9. The parties understand and agree that for the penalties in 21 U.S.C. § 841(b)(1)(B) to apply, as provided in paragraph 6 above and as recommended by the government, the government must prove beyond a reasonable doubt that the offense to which the defendant is pleading guilty in Count Two involved at least 5 grams of cocaine base in the form of crack cocaine. The defendant agrees that the government possesses sufficient, admissible evidence to meet this burden.

## ELEMENTS

10. The parties understand and agree that in order to sustain the charge of distribution of cocaine base in the form of crack, as set forth in Counts Two and Five, the government must prove each of the following propositions beyond a reasonable doubt: first, the defendant distributed a controlled substance; second, the defendant did so knowingly or intentionally; and third, the defendant knew the substance was a controlled substance.

## SENTENCING PROVISIONS

11. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

12. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

13.     The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offenses set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

14.     The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

15.     The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### Relevant Conduct

16. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

17. The parties agree to recommend to the sentencing court that the relevant conduct attributable to the defendant is 64 grams of crack cocaine.

### Base Offense Level

18. The parties agree to recommend to the sentencing court that the applicable base offense level for the offenses charged in counts two and five is 26 under U.S.S.G. § 2D1.1(c).

### Acceptance of Responsibility

19. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. The defendant acknowledges, understands, and agrees that conduct consistent with the acceptance of responsibility includes but is not limited to the defendant's voluntary identification and disclosure to the government of any and all actual or potential victims of the offense prior to sentencing. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

20.  Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

21.  Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

### Court's Determinations at Sentencing

22.  The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23.  The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

### FINANCIAL MATTERS

24.  The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of

conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

25. The defendant agrees that, during the period of any supervision (probation or supervised release) imposed by the court in this case, the defendant will provide the Financial Litigation Unit (FLU) of the United States Attorney's Office with completed financial forms which will be provided by FLU, and will provide any documentation required by those forms. The defendant will provide FLU with such completed financial forms with required documentation within the first two months of supervision, at six month intervals thereafter during supervision, and within the last six months of scheduled supervision. The defendant acknowledges and agrees that, while he is on supervision, the Probation Department and FLU can exchange financial information pertaining to the defendant in order to facilitate collection of any fine or restitution ordered by the court as part of the sentence in this case.

## Special Assessment

26. The defendant agrees to pay the special assessment in the amount of $200 prior to or at the time of sentencing.

## Buy Money

27. The defendant agrees to pay $2,980, the amount of government "buy money" paid to the defendant, as a condition of any term of supervised release imposed by the sentencing court.

## DEFENDANT'S WAIVER OF RIGHTS

28. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

   e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

29. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

30. The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

31. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## **GENERAL MATTERS**

32. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

33. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

34. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

35. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

36. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the

12

defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

37. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 3·8·11

JUWAN MATTHEWS
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 3/8/11

JOSHUA ULLER
Attorney for Defendant

For the United States of America:

Date: 3/21/11

JAMES L. SANTELLE
United States Attorney

Date: 3/21/11

MICHELLE L. JACOBS
Assistant United States Attorney

14

Case 2:11-cr-00011-RTR   Filed 03/21/11   Page 14 of 14   Document 21